## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JAIME ALVAR CARVAJAL, | § | |
| #10301-078, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-447-B-BK |
| | § | |
| WARDEN K. ZOOK, | § | |
| FEDERAL CORRECTIONAL INSTITUTION | § | |
| SEAGOVILLE, | § | |
| RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Jaime Alvar Carvajal's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition. Doc. 3. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE**.

Carvajal requests that the Federal Bureau of Prisons ("BOP") be directed to grant him 84 days of good-time credit under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), and order his "immediate release on or before midnight December 13, 2019." Doc. 3 at 16. A review of the BOP's website  confirms that Carvajal was released from a halfway house on March 6, 2020, shortly after filing his February 14, 2020 petition.[1]   The Court must therefore

---

[1] The BOP's inmate locator is available at https://www.bop.gov/inmateloc/ (last accessed March 18, 2020).

examine *sua sponte* whether the issue presented in the habeas petition is now moot.  *See* FED. R.

CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the

court must dismiss the action.").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court

jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445

U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or

the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v.*

*McCormack,* 395 U.S. 486, 496 (1969)).  *See also Spencer v. Kemna*, 523 U.S. 1, 7 (1998)

("This case-or-controversy requirement subsists through all stages of federal judicial

proceedings, trial and appellate....  The parties must continue to have a 'personal stake in the

outcome' of the lawsuit.")

Here, Carvajal does not attack his conviction.  Rather he seeks an earlier release from

custody, claiming the BOP improperly calculated his good-time credits.  Doc. 3 at 16.  Carvajal's

subsequent release from custody thus renders moot his claim.  *See Bailey v. Southerland,* 821

F.2d 277, 278-79 (5th Cir. 1987) (per curiam) (holding federal prisoner's release from custody

rendered moot habeas corpus petition, which sought release from confinement, expungement of

disciplinary reports, and restoration of lost good-time credits).

Carvajal has not alleged, much less demonstrated, any other concrete collateral

consequence of the lost good-time credit.  *Cf. Spencer,* 523 U.S. at 14 (even if revocation of

parole was improper, jurisdiction did not exist after the prisoner was released and his term of

imprisonment expired, because any possible future consequence is merely speculative).  Thus, no

live controversy exists and the Court lacks jurisdiction to consider his claim.

Accordingly, Carvajal's petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on April 1, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).